**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190766-U

Order filed October 13, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0766 Circuit No. 11-CF-24 |
| TYSHAWN BURCH, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Presiding Justice O'Brien and Justice Holdridge concurred in the judgment.
_____

**ORDER**

¶ 1     *Held*:   The circuit court properly dismissed defendant's second-stage postconviction petition as untimely.

¶ 2     Defendant, Tyshawn Burch, appeals the Peoria County circuit court's order dismissing his second-stage postconviction petition. Defendant argues that the court erred in dismissing his petition and that postconviction counsel provided an unreasonable level of assistance. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4        A jury found defendant guilty of five counts of home invasion (720 ILCS 5/12-11(a)(3)

(West 2010)) and three counts of armed robbery (*id.* § 18-2(a)(2)). Defendant was sentenced to

30 years' imprisonment. Defendant appealed and this court affirmed his conviction and sentence.

*People v. Burch*, 2014 IL App (3d) 120617-U. On September 24, 2014, the Illinois Supreme

Court denied defendant's petition for leave to appeal.

¶ 5        On January 20, 2015, defendant was in court in Tazewell County for a resentencing

hearing on a separate matter. On August 3, 2015, defendant filed a postconviction petition as a

self-represented litigant in this case. On October 15, 2015, the circuit court docketed defendant's

petition for second-stage proceedings and appointed counsel. On May 24, 2017, postconviction

counsel filed a Rule 651(c) certificate. On April 4, 2018, postconviction counsel filed an

amended postconviction petition. On July 24, 2018, the State filed a motion to dismiss arguing in

relevant part that defendant's petition was untimely. On October 26, 2018, the court allowed

defense counsel to file a second amended petition that would address the issue of timeliness and

consolidate the petitions.

¶ 6        On August 9, 2019, postconviction counsel filed a second amended postconviction

petition alleging that defendant was not culpably negligent for the untimely filing of his

postconviction petition because he had an ongoing case in Tazewell County that resulted in

denying him access to materials for this case from October 9, 2014, through January 30, 2015.

On October 8, 2019, the State filed another motion to dismiss arguing defendant was only in

court for three days for the Tazewell County case, and only one of those days was during the six-

month filing window provided by the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1

*et seq.* (West 2014)).

¶ 7 On December 13, 2019, the court held a hearing on the State's motion to dismiss. At the hearing, defendant stated:

> "I made like two or three trips, and one of the trips when they transferred me down to Illinois River I was down there for like two months and some change, and it was a delay because of the holidays. Then I went back to my home facility and came back another trip and stayed in Illinois Correctional Center for like three weeks until I got my final conclusion which was January 30th.
>
> So the whole time when I came from my home facility down in Illinois River I didn't have no legal papers, nothing like that, and I was gone for two and a half months."

The court granted the State's motion. Defendant appeals.

¶ 8                                                    II. ANALYSIS

¶ 9 Defendant argues the circuit court erred in dismissing his postconviction petition because he was not culpably negligent for filing his petition 36 days late, there was no forfeiture, and he made a substantial showing of a deprivation of his constitutional rights. Alternatively, defendant argues postconviction counsel provided an unreasonable level of assistance. We begin by determining whether the court erred in dismissing his petition.

¶ 10 The Act provides a three-stage process wherein a prisoner may file a petition asserting his conviction was obtained through a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2014). The circuit court's dismissal of a postconviction petition at the second stage is reviewed *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388 (1998). "If a petition for *certiorari* is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a *certiorari* petition, unless the petitioner alleges facts showing that the delay was

3

not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2014). "A petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13 (eff. July 1, 2013).

¶ 11 On September 24, 2014, our supreme court denied defendant's petition for leave to appeal. Defendant's petition for a writ of *certiorari* was due by December 23, 2014. Accordingly, defendant's postconviction petition was due on June 23, 2015. Defendant filed his postconviction petition on August 3, 2015, or 41 days late. Defendant admits his petition was untimely but argues that he was not culpably negligent in filing his petition 36 days late because it was entirely outside of his control when he was transferred so he could attend his Tazewell County court proceedings.[1]

¶ 12 In *People v. Mitchell*, 296 Ill. App. 3d 930, 934 (1998), we held that a petitioner failed to allege facts sufficient to show a lack of culpable negligence when they asserted that they did not have access to materials for slightly less than 3 out of 10 days during the 6-month period allowed by section 122-1(c). Here, defendant asserts that he did not have access to his materials from December 23, 2014, to January 30, 2015; or 39 days. There are 183 days from December 23, 2014, through the date defendant's petition was due on June 23, 2015. Defendant did not have access to his materials for 39 of 183 days, or only slightly more than 2 out of 10 days. Accordingly, defendant had greater access to his materials than the defendant in *Mitchell*.

---

[1]Defendant bases his calculation on the date his postconviction petition was notarized and not the filing date. 725 ILCS 5/122-1(b) (West 2014) ("The proceeding shall be commenced by filing with the clerk of the court in which the conviction took place ***.").

¶ 13　　　　Additionally, we are not persuaded by defendant's argument that *Mitchell* is distinguishable from this case because defendant's petition was just over a month late whereas the petition in *Mitchell* was 7½ months late. A plain reading of section 122-1(c) indicates that a delay of any duration after six months is prohibited under the Act. 725 ILCS 5/122-1(c) (West 2014). Thus, our analysis focuses on what transpired during the six-month period rather than how soon after the deadline the petition was filed.

¶ 14　　　　Defendant also relies on the Second District and First District's holdings in *People v. Marino*, 397 Ill. App. 3d 1030, 1036 (2010) and *People v. Wheeler*, 392 Ill. App. 3d 303, 308 (2009) requiring a third-stage evidentiary hearing in order to determine whether a petitioner has been culpably negligent. However, these decisions are at odds with the Act as it would incentivize petitioners to file untimely petitions to circumvent procedures established by the Act. Moreover, our supreme court implicitly held that untimely petitions may be dismissed at the second stage. *People v. Lander*, 215 Ill. 2d 577, 586-88 (2005).

¶ 15　　　　We affirm the circuit court's ruling that defendant's postconviction petition was untimely. Based on this ruling, the other issues are moot.

¶ 16　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 17　　　　The judgment of the circuit court of Peoria County is affirmed.

¶ 18　　　　Affirmed.